IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YAYHI A. SHIHEED, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-23-1658 |
| KEITH ARNOLD, *Warden*, | * | |
| Defendant. | * | |

**MEMORANDUM**

On June 12, 2023, Yahyi A. Shiheed, an inmate presently incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed this civil rights action pursuant to 42 U.S.C. § 1983.  ECF 1.  Shiheed's complaint incorporates a grievance that he filed through NBCI's administrative remedy procedure.  *Id.* at 3–4.  In the grievance, he claimed that NBCI Warden Keith Arnold subjected him to cruel and unusual punishment by denying him a chair in his cell while he was on disciplinary segregation.  *Id.*  Shiheed states that, as a result, he has been unable to eat his meals properly or write letters, and he summarily asserts that the lack of a chair presents an "unhuman problem and a health issue."  *Id.* at 3.  He seeks monetary damages and injunctive relief.  *Id.* at 5.

Shiheed also filed a motion for leave to proceed in forma pauperis.  ECF 2.  Because he appears indigent, the motion is granted.  For the reasons that follow, however, the complaint is dismissed.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), 1915A(b).  A claim "is frivolous

where it lacks an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015).

Shiheed claims that the conditions of his confinement—in which he does not have a chair in his cell—are unconstitutional. Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment in violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To state an Eighth Amendment claim under § 1983 based on conditions of confinement, a prisoner must allege "two elements—that the deprivation of [a] basic human need was *objectively* sufficiently serious, and that *subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.)) (internal alterations omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). To show that the conditions amount to "extreme deprivation[]," the prisoner "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (quoting *Strickler*, 989 F.2d at 1381; citing *Helling v. McKinney*, 509 U.S. 25, 33–35 (1993)).

Here, Shiheed has not shown that the lack of a chair in his cell was objectively serious; nor has he alleged a significant injury.  Without a chair, Shiheed has been able to eat his meals, albeit from his bed or while standing.  Moreover, based on the grievance that Shiheed incorporated into the complaint, it does not appear that, subjectively, Warden Arnold acted with a culpable state of mind.  Rather, in dismissing Shiheed's request for a chair through NBCI's administrative grievance process, Warden Arnold explained that plastic chairs had been removed from cells in Shiheed's housing unit "in an attempt to increase the security" as a "significant amount of weapons [had been] manufactured out of pieces from the chairs." ECF 1, at 3.  Shiheed does not dispute Warden Arnold's explanation.  Shiheed fails to allege the imposition of cruel and unusual punishment. *See Pevia v. Nines*, No. ELH-18-3900, 2020 WL 374450, at *11 (D. Md. Jan. 23, 2020) (granting judgment in favor of warden on conditions claim based on the lack of a chair in plaintiff's cell).  Thus, the case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Plaintiff is forewarned that his ability to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated.  *See* 28 U.S.C. § 1915(g).

A separate Order follows.

August 4, 2023　　　　　　　　　　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　　　Deborah L. Boardman
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge